UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

IN THE MATTER OF THE COMPLAINT OF
SAVANNAH MARINE SERVICES, INC., owner of
the towing vessel SARA KAITLIN, FOR
EXONERATION FROM LIABILITY OR
LIMITATION OF LIABILITY,

Plaintiff,

v.                              407CV064

SAVANNAH MARINE SERVICES, INC.,

Defendant/Third Party Plaintiff

v.

MARINEX CONSTRUCTION CO., INC.,

Third-Party Defendant

---

IN THE MATTER OF THE COMPLAINT OF CML
EQUIPMENT COMPANY, LLC. owner of the barge
MOBRO 139, and MARINEX CONSTRUCTION,
INC., bareboat charterer of the barge MOBRO 139,
FOR EXONERATION FROM LIABILITY OR
LIMITATION OF LIABILITY

407CV179

## ORDER

The two above-captioned cases are before the Court under its F.R.Civ.P. 9(h) Admiralty and Maritime Jurisdiction.[1] Plaintiff and Third Party Plaintiff Savannah Marine Services, Inc. (Savannah Marine) owns and operates towing vessels, including the SARA KAITLIN. Doc. # 1 at 2. Plaintiff and Third Party Defendant CML Equipment Company, LLC/Marinex of Charleston, Inc. (Marinex) is a dredging company. 407CV179, doc. # 1 at 1. Savannah Marine contracted to tow Marinex's dredge and other equipment, including a large crane barge, from Charleston to Savannah. Doc. # 1 at 2-3.

As the SARA KAITLIN towed the crane under a South Carolina bridge, the crane's boom struck the bridge, damaging it. That forced the bridge to shut down. Third parties, too, were damaged. Doc. # 1 at 4. Savannah Marine denies liability, blaming Marinex, and vice versa.

Pursuant to Rule F of the Federal Rules of Civil Procedure's Supplemental Rules for Certain Admiralty and Maritime Claims (F.R.Civ.P. Supp. F), and to the Limitation of Liability Act, 46 U.S.C. app. §§ 181-189 (recodified in 2006 at 46 U.S.C. §§ 30501-30511), Savannah Marine and Marinex have each filed a Complaint for Exoneration from and Limitation of Liability.[2] Doc. # 1 (Savannah Marine complaint); 407CV179, doc. # 1 (Marinex complaint).

Savannah Marine also asserts a cross claim for contribution against Marinex in case Savannah Marine is found liable. Doc. # 1 at 6. In addition, five parties -- South Carolina Department of Transportation (SCDOT), Beaufort County South Carolina (BCSC), Beaufort-Jasper Water and Sewer Authority (BJWSA), Embarq, Inc., and Hargway, Inc. (collectively, the Claimants) -- have filed claims against Savannah Marine and Marinex for, *inter*

---

[1] The cases, originally filed separately as 407CV064 and 407CV179, have since been consolidated into 407CV064. All docket-entry cites hereafter are to 407CV064, unless otherwise specified.

[2] The liability of the owner of a vessel "shall not exceed the value of the vessel and pending freight" as long as the act giving rise to the liability was done without the privity or knowledge of the owner. 46 U.S.C. § 30505 (2008). In order to claim this limited liability, "a vessel owner may file a complaint in the appropriate district court" and must either (1) deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the vessel and pending freight or (2) transfer the owner's interest in the vessel and pending freight to a trustee. F.R.Civ.P. Supp. F(1).

*alia*, physical damage to the bridge, traffic and administrative costs, and damage of cable and fiber optic materials. Doc. ## 17, 19, 20, 23, 24, 26; 407CV179, doc. ## 21, 23, 25, 27.

Savannah Marine and Marinex have each pointed their finger at each other. For the purposes of this Order, the specifics behind the allegations of liability are not important. What is important is the parties' progress in reaching a settlement agreement. All parties to the case, including the claimants, have filed a Joint Motion showing that Savannah Marine and Marinex have "entered into a settlement and compromise agreement allocating and apportioning their liability." Doc. # 133 at 2. Further, Savannah Marine and Marinex have "agreed to withdraw their respective claims for Exoneration and Limitation ... and to mutually assume liability for any recoverable damages proved by and allowed to the claimants in these consolidated limitations actions...." *Id.* Pursuant to the Joint Motion, this Court amended its Scheduling Order and re-opened discovery on the issue of damages. Doc. # 134.

Prior to the Joint Motion announcing settlement, the parties and claimants filed motions that are still pending before this Court. Three claimants and Marinex filed Motions for Summary Judgment (MSJ) against Savannah Marine's Complaint for Exoneration from or Limitation of Liability. Doc. # 90 (SCDOT MSJ); # 98 (BJWSA MSJ); # 96 (Hargray MSJ); # 104 (Marinex MSJ). Two claimants filed Rule F(7) Motions to compel Marinex to increase its security fund that is required as a condition of limitation of liability. Doc. # 106 (BJSWA's Motion); doc # 101 (SCDOT's Motion); *see* F.R.Civ.P. Supp. F(1)&(7) (discussing security fund). And Marinex filed a Motion to Amend its Complaint to add a claim for contribution against Savannah Marine, doc. # 102, plus a Motion for Default pursuant to Rule F(4)&(5), doc. # 103.

In that the settlement agreement described in the Joint Motion evidently resolves all liability and limitations issues (*see* doc. # 133 at 2), the Court *DISMISSES* as moot motions ## 90, 94, 96, 100, 101, 102, 103, 104, 106 without prejudice to the right of any party with standing to renew same.

This __12__ day of November, 2008.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA